BERTHA DAVIS

Plaintiff

vs.

NAVAJO TRIBE OF INDIANS, DICK NEZTSOSIE,
FRANKIE MARIANITO, VIVIAN TSOSIE, JEAN
ANN TOWNE, KEVIN PELLETIER, and KIM WILLIAMS

Defendants

Decided on October 27, 1978

Richard George, Law Office of Yazzie and George, Tua City, Arizona, for Plantiff

John A. Chapela, Legal Department of the Navajo Nation, Window Rock, Arizona, for Defendants

NESWOOD, District Judge

On November 8, 1976, Bertha Davis was hired by the Navajo Tribe as the Clinic Coordinator with the Women Infant Children Program. Mrs. Davis was hired subject to a 90-day probationary period pursuant to Personnel Memorandum Number 1, Section II, Part C of the Personnel Policies and Procedure of the Executive Branch of the Navajo Tribe.

On February 8, 1977, the Plaintiff was notified by a memorandum from Vivian Tsosie, Administrator of the program, that she was terminated pursuant to Section II, Part C. The memorandum made reference to several problems discussed at a meeting on February 4, 1977, at which it was alleged by Ms. Tsosie that the plaintiff planned to

-379-

resign. Mrs. Davis testified that she had not offered to resign and that the problems outlined in the memorandum of February 8th were never discussed.

On February 14, 1977, the plaintiff received a termination notice stating that she was terminated on February 8, 1977 and stating as cause therefor that she was unable to satisfactorily complete the 90 day probationary period.

Subsequent to her termination, plaintiff instituted this lawsuit against the Navajo Tribe and various officials of the government after her attempts to obtain a grievance hearing were unsuccessful.

This action presents four issues for this Court to decide. They are:

1. Is the Navajo Tribe immune from suit by virtue of the doctrine of sovereign immunity?

2. Was the plaintiff properly dismissed by the Navajo Tribe pursuant to its policy on probation periods?

3. If the action of the Navajo Tribe in terminating the plaintiff was wrongful, did that action subject Mrs. Davis to ridicule and scorn in the Crownpoint community?

4. If the action of the Navajo Tribe in terminating the plaintiff was wrongful, what damages is Mrs. Davis entitled to?

As recently as the case of <u>Santa Clara Pueblo, et al. vs.</u> <u>Martinez, et al.</u>, ____ U.S. ____, 98 S.Ct. ____, 56 L.Ed.2d 106, the United States Supreme Court has held that suits against Indian Tribes can be barred by the doctrine of sovereign immunity.

The Navajo Court of Appeals in <u>Navajo Tribe vs. Holyan,</u> <u>Dennison, et al. vs. Tucson Gas and Electric Company, et al.</u>, and <u>Navajo Tribe vs. Orlando Helicopter</u> has upheld the doctrine of sovereign immunity.

This Court is therefore bound to uphold this principle and dismiss the Navajo Tribe as a defendant.

As the Navajo Court of Appeals properly recognized in the <u>Dennison</u> case, the doctrine of sovereign immunity does not bar suits against officials of the government where they are failing to follow the laws set down by the legislative branch.

Therefore, this Court must look to see if the officials named in this suit properly followed the Personnel Policies and Procedures of the Executive Branch.

The termination of Mrs. Davis was not effective until February 8, 1977, which is 92 days after her date of employment. The Personnel Polices state that an employee may be terminated anytime during the probation period, without recourse. A permanent employee is entitled to a grievance hearing. Thus, the question which must be

-381-

answered is whether an employee who has worked for 92 days has become permanent and is entitled to a grievance hearing.

The Personnel Policies and Procedures of the Executive Branch are silent on this point. What is clear is that the probationary period is 90 days and that no employee shall be required to serve more than one probationary period.

This Court believes that an employee authomatically becomes a permanent employee of the Navajo Tribe when he or she is not terminated within the probationary period. Such an employee is entitled to a grievance hearing like any other permanent employee. Therefore, the defendants Dick Neztsosie, Frankie Marianito, and Kim Williams acted improperly in denying Mrs. Davis a grievance hearing. The defendants all acted improperly in terminating the plaintiff as if she were a probationary employee.

In considering the testimony offered by Mrs. Davis in support of her claim that she was subject to scorn and ridicule in the Crownpoint community, this Court concludes that this cause of action must be dismissed. The plaintiff has failed to establish by her testimony that she had established any reputation in Crownpoint. In fact, the plaintiff only resided in Crownpoint for two weeks.

The plaintiff's testimony also failed to establish that she suffered any adverse response to employment applications, in Crownpoint or elsewhere, as a result of her termination.

The final issue before this Court is what amount of damages the plaintiff is entitled to. Because the plaintiff was entitled to a grievance hearing, this Court is compelled to order one. It is possible that the Grievance Committee will act to repair any damages caused to Mrs. Davis, if any. If the Grievance Committee fails to resolve this matter satisfactorily, this Court will then consider further the issue of damages.

However, because of the failure of the defendants to follow proper procedures in terminating the plaintiff and because of the failure of some of the defendants to allow a grievance hearing, Mrs. Davis has had the expense of obtaining legal counsel. Therefore, the defendants are ordered to pay legal fees and expenses in the amount of $750 to the plaintiff. If further action is required by this Court, the cost of that action will be considered separately.

The orders of this Court are as follows:

1. Frankie Marianito, Kim Williams and Dick Neztsosie are ORDERED to afford the plaintiff a grievance hearing within ten days. A decision of the Grievance Committee shall be forwarded to this Court within ten days of that hearing. This Court retains jurisdiction over this matter. If the decision of the Grievance Committee is not satisfactory to the plaintiff, she may file notice with this Court within ten days of the Grievance Committee's action. Such notice shall summarize the plaintiff's complaint with the Grievance Committee action. This Court will then decide the matter

based on the testimony already given.

2.   Plaintiff's Third Cause of Action is DISMISSED.

3.   Plaintiff's Second Cause of Action is DISMISSED.

4.   The Navajo Tribe is DISMISSED as a defendant.

5.   Defendants are ordered to pay to the plaintiff legal expenses and costs in the amount of $750 within thirty days.

SO ORDERED.